25-2403. After we hear argument in this one case, we'll take a brief recess and then we'll return with a slightly reconstituted panel to hear the other matters. So, Mr. Hussein, we are ready for your argument when you are. Thank you, Your Honor. Just make sure you can angle those mics up a little bit towards you so that we can hear you clearly. Is that good? Perfect. Thank you. I'm ready to proceed. All right. You may proceed. Your Honor, the District Court abused its discretion in its futility analysis when it applied the wrong framework in my proposed Second Amendment complaints as alleging only discrimination and lack of notice that my file was being reviewed, instead of addressing the claim that was actually pleaded. The claim is the absence of the required notice under 1002.9, after an application was submitted under the creditor's procedures. The complaint alleges I was placed in the bank's system through its own process, including submission of financial information, creation of internal application and account references, zero-hours, zero-hours, and zero-hours. Assignment of a $640,000 loan request, and routing to a loan specialist. And those facts plausibly establish an application under 1002.2f, which states that a request for credit, a request for an extension of credit can be made. In accordance with the creditor's procedures. So because the central problem here, the central dispute is whether you needed to do a written application through their formal process to trigger all these requirements, right? Precisely. So your read of the application, that's my understanding of your argument, that a verbal request is sufficient. Well, what constitutes the application is what's defined under Regulation B, which is in the statute, 1002.2 subsection f, which states that it could be written or oral. I did written. It was an online portal. And it must be a request for an extension of credit in accordance to the creditor's process. Okay. So what I'm saying is that everything was inside of their system. Right. And so that was, from your perspective, definitionally their process. Right. Okay. So once the application is plausibly alleged, the regulation requires notice in all cases, whether complete or incomplete, yet no notice of any kind was ever provided. So the incompleteness notice goes to 1002.9 subsection c. 1002.9a, subsection a, is approval, a counteroffer, adverse action. None of that was sent. The 1002.9a and c. So what in the second amended, proposed second amended complaint, where are the factual allegations that the reason they didn't pursue it was discriminatory? Well, that's the thing. The district court abuses discretion when it analyzed just based on discrimination and a lack of notice of review. But what I'm alleging is that there was an application, that there has to be a legal standard on application. There wasn't any applied. Okay. So you're focused on the disclosure requirements as opposed to the discrimination claim. Well, there's, discrimination is a factual matter. Right now, I didn't even go through the facts because I was told be six out of there. Right, right. Yeah. So what I'm saying is there has to be an application assessed, legally reviewed, and then after that, we could discuss the facts as was it really truly an application. But my facts stipulate that the allegation says that it was an application. And a few other items as well that I've mentioned, you know, with my facts being $640,000 loan request, that it was sent to a loan specialist, that there was account identifiers, references being placed, and there was admission that they admitted this, the bank itself. Somehow that wasn't enough. But, yeah. Yeah. By skipping the application standard under 1002.2 subsection F, the court could not properly make any legal determination on discrimination and instead bypass the actual claim by recasting it as lack of notice of review, which was not pleaded, and never analyzed whether the facts trigger 1002.9 notice requirements. So I'm asking, because the court evaluated a different claim than the one actually pleaded and dismissed on that mistaken belief, the judgment should be reversed and the case remanded for application of the correct legal standard. And for you to be permitted to file the proposed second amended complaint. Correct. Under your interpretation of the definitions under 1002.2 and the Regulation B in its entirety. Okay. All right. Thank you very much, Mr. Hussain. Well argued. We appreciate the argument. As I noted, that's the one argument we're hearing in this configuration. So I'll ask the clerk to recess us briefly, and we'll be back. Thank you, Your Honor. Thank you, Your Honor. Thank you, Your Honor. Thank you, Your Honor. Thank you, Your Honor. Thank you, Your Honor. Thank you, Your Honor. Judges of the United States Court of Appeal for the Second Circuit. Good morning. Please be seated. So we'll continue with our argument calendar this morning. I understand that all counsel for the argued matters on today's calendar are present. We'll therefore dispense with the calling of the remainder of that calendar. We'll start right away with United States v. Kudanatov, case number 25869. And I understand that there's some students from the Aviation High School there. If you're from the Aviation High School, raise your hands. Oh, great. Well, welcome to the Second Circuit.